JONATHAN R. BASS (State Bar No. 75779)
MARIO A. MOYA (State Bar No. 262059)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:    ef-jrb@cpdb.com,
              ef-mam@cpdb.com

Attorneys for Defendant
WAUKEEN Q. McCOY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ALVARADO, et al., | Case No. C 04-0098-SI; 04-0099-SI |
| Plaintiffs, | Case No. 09-485-SI |
| v. | |
| FEDEX CORPORATION d/b/a/ FEDEX EXPRESS, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |
| EDWARD ALVARADO and CHARLOTTE BOSWELL, | Hearing Date: May 7, 2010 |
| Plaintiffs, | Time:          9:00 a.m, |
| v. | Courtroom:  10 (19th Floor) |
| WAUKEEN McCOY, KAY M. PARKER, and MICHAEL DAVIS, | Judge:         Honorable Susan Illston |
| Defendants. | |

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

13676.002.1392729v10

1

# <u>TABLE OF CONTENTS</u>

2

Page

3

INTRODUCTION.................................................................................................................. 1

4

ARGUMENT .......................................................................................................................... 2

5

    I.     THE CLAIMS ARE NOT RIPE, AND THE RELIEF SOUGHT IS

6

           ADVISORY. ........................................................................................ 2

7

    II.    SUMMARY JUDGMENT STANDARD .................................................... 3

8

    III.   PLAINTIFFS HAVE FAILED TO MEET THEIR INITIAL BURDEN OF
           SHOWING THE ABSENCE OF A GENUINE ISSUE OF FACT FOR

9

           TRIAL. ............................................................................................... 4

10

    IV.   A SETTLEMENT ON APPEAL IS A SETTLEMENT AFTER TRIAL; IT
           ENTITLES MR. McCOY TO 40 PERCENT OF THE RECOVERY ..................... 5

11

    V.    MR. McCOY IS ENTITLED TO HIS CONTINGENT FEE WHETHER
           OR NOT PLAINTIFFS ELECT TO "SETTLE" WITH FEDEX ON

12

           APPEAL. ............................................................................................ 5

13

        A.   Plaintiffs' Reading of The Fee Agreements Cannot Be Summarily

14

           Adjudicated. ................................................................................. 5

15

           1.   The Amended Complaint Alleges That The Fee Agreements
               Are Ambiguous. ..................................................................... 6

16

           2.   The Special Master's Observation In A Proceeding Involving

17

               Parker's Statutory Fee Does Not Bind Mr. McCoy In This
               Matter, Which Concerns His Contingent Fees. ............................... 7

18

        B.   The Fee Agreements Give Mr. McCoy a 40 Percent Contingency

19

           Fee After Trial. ............................................................................ 9

20

            1.   The Parties Intended for Mr. McCoy To Receive A
               Contingent Fee From Any Recovery. ......................................... 9

21

           2.   Before This Dispute Arose, Plaintiffs Acknowledged That

22

               The Fee Agreements Entitled Mr. McCoy To 40 Percent Of
               Any Recovery Obtained At Trial. .................................................. 11

23

           3.   Mr. McCoy Is Entitled To Receive Both a Contingent Fee

24

               And Statutory Fees. .............................................................. 12

25

           4.   Plaintiffs' Reading Of The Fee Agreements Leads To An
                Absurd Result. ...................................................................... 14

26

           5.   Ms. Parker's Interpretations Of The Fee Agreements Are

27

               Irrelevant; She Had Nothing to Do With Plaintiffs Or This
               Case When The Fee Agreements Were Executed in 2002.............. 15

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

VI.    THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT ON THE ISSUE OF QUANTUM MERUIT. ............. 16

     A.    Plaintiffs' *Quantum Meruit* Argument Is Based Upon The Same
Faulty Interpretation Of The Fee Agreements. ........................................ 16

     B.    Mr. McCoy Is Entitled To Recover the Reasonable Value of His
Services If The Fee Agreements Are Found Not To Apply To
Amounts Received At Trial ....................................................................... 16

     C.    No Public Policy Would Be Violated By A Quantum Meruit Award. ....... 17

CONCLUSION ........................................................................................................ 18

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

2 <u>**Table of Authorities**</u>

3 **Page(s)**

**CASES**

4

5 *AIU Ins. Co. v. Superior Court*,
    51 Cal.3d 807 (1990)................................................................................................ 10

6 *Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................ 3, 4

7

*Arizona Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund*
8     *v. Conquer Cartage Co.*,
    753 F.2d 1512 (9th Cir. 1985).............................................................................. 7, 9

9

*Baxter v. MCA, Inc.*,
10     812 F.2d 421 (9th Cir. 1987) ...................................................................................... 4

11 *Berry v. Baca*,
    379 F.3d 764 (9th Cir. 2004) ...................................................................................... 4

12

*Celotex Corp. v. Cattrett*,
13     477 U.S. 317 (1986) ............................................................................................ 3, 4

14 *County of Humboldt v. McKee*,
    165 Cal.App.4th 1476 (2008) ................................................................................... 15

15

*Evans v. Jeff D.*,
16     475 U.S. 717 (1986) ................................................................................................... 14

17 *Export Group v. Reef Indus., Inc.*,
    54 F.3d 1466 (9th Cir. 1995) ...................................................................................... 8

18

*Flannery v. Prentice*,
19     26 Cal.4th 572 (2001) ................................................................................................ 12

20 *Hamner v. Rios*,
    769 F.2d 1404 (9th Cir. 1985).................................................................................. 13

21

*Hauk v. JP Morgan Chase Bank USA*,
22     552 F.3d 1114 (9th Cir. 2009) .................................................................................... 4

23 *Huskinson & Brown v. Wolf*,
    32 Cal.4th 453 (2004)........................................................................................ 16, 17

24

*Intern'l Brotherhood of Elec. Workers, AFL-CIO Local 47 v. So. Cal. Edison Co.*,
25     880 F.2d 104 (9th Cir. 1989).................................................................................. 5, 7

26 *Kassbaum v. Steppenwolf Prods., Inc.*
    236 F.3d 487 (9th Cir. 2000) .................................................................................... 11

27

*Laborers Health & Welfare Trust Fund v. Kaufman & Broad*,
28     707 F.2d 412 (9th Cir. 1983).................................................................................... 9

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

*Lockwood v. Wolf Corp.*,
   629 F.2d 603 (9th Cir. 1980) ............................................................................................ 7

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*,
   312 U.S. 270 (1941) .......................................................................................................... 2

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*,
   210 F.3d 1099 (9th Cir. 2000) .......................................................................................... 4

*Owens v. Haslett*,
   98 Cal.App.2d 829 (1950) .............................................................................................. 18

*Principal Life Ins. Co. v. Robinson*,
   394 F.3d 665 (9th Cir. 2005) ............................................................................................ 2

*Soremekun v. Thrifty Payless, Inc.*,
   509 F.3d 978 (9th Cir. 2007) ............................................................................................ 5

*Swedlow, Inc. v. Rohm & Haas Co.*,
   455 F.2d 884 (9th Cir. 1972) ............................................................................................ 3

*Thomas v. Union Carbide Agr. Prods. Co.*,
   473 U.S. 568 (1985) .......................................................................................................... 2

*Thompson v. Call*,
   38 Cal.3d 633 (1985) ...................................................................................................... 18

*Tiedje v. Aluminum Taper Milling Co.*,
   46 Cal.2d 450 (1956) ...................................................................................................... 18

*U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*,
   281 F.3d 929 (9th Cir. 2002) .......................................................................................... 12

*United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*,
   508 U.S. 439 (1993) .......................................................................................................... 2

*United States v. Streich*,
   560 F.3d 926 (9th Cir. 2009) ............................................................................................ 2

*Venegas v. Mitchell*,
   492 U.S. 82 (1990) .................................................................................................... 13, 14

*Venegas v. Skaggs*,
   867 F.2d 527 (9th Cir. 1989) ...................................................................................... 13, 14

*Warner Constr. Corp. v. City of Los Angeles*,
   2 Cal.3d 285 (1970) ........................................................................................................ 12

**STATUTES**

42 U.S.C. section 1988 .................................................................................................. 8, 14

Code of Civil Procedure § 1856(c) ................................................................................... 12

ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP

iv

Case No. C 04-0098-SI; 04-0099-SI

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Civil Code § 1648 ................................................................................................... 11

Civil Code § 1649 ................................................................................................... 10

Civil Code § 1654 ................................................................................................... 10

Civil Code § 1668 ................................................................................................... 17

Federal Rule of Civil Procedure 56 .......................................................................... 4

Government Code § 12965 ................................................................................. 8, 14

**OTHER AUTHORITIES**

Black's Law Dictionary, 454 (6th ed. 1990) .............................................................. 8

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiffs Edward Alvarado and Charlotte Boswell filed this action in hopes of obtaining the Court's advice on how to cheat their former attorney out of his contingent fee. They are quite transparent on this point: in their motion for summary judgment, they seek an order declaring that they will not have to pay their former attorney if they settle with FedEx while their cases are pending on appeal. (First Am. Complaint, Dkt. No. 5). And they want the Court to grant them that extraordinary relief despite the fact that their fee agreements say exactly the opposite: that their attorney, Waukeen McCoy, is entitled to a 40 percent contingency fee.

They ask the Court to disregard the plain text of their fee agreements – which provide for a 40 percent contingent fee for amounts awarded "by way of settlement after . . . trial" – and declare that Mr. McCoy's right to his contingent fee was extinguished by his victory at trial. The fee agreements are explicitly to the contrary. The contemporaneous intention and understanding of the parties are directly to the contrary. And the law is directly to the contrary. This summary judgment motion is frivolous. Plaintiffs are seeking to be excused from their obligation to pay the contractually specified fees to the counsel who accepted their cases on a contingency arrangement and prevailed at trial. There is no justification for that outcome.

The Court should deny the motion in its entirety. Although Plaintiffs allege in their pleadings that the fee agreements are so ambiguous that declaratory relief is required, their motion for summary judgment argues the opposite: that the contingent fee agreements are susceptible of only one reading – a reading, by the way, that is utterly absurd: that their attorney would receive nothing from any settlement after a trial, *even though the agreements expressly require a contingent fee to be paid out of a settlement after a trial.*

**BACKGROUND**

The Amended Complaint alleges that this lawsuit is necessary to determine what liability Plaintiffs would have to their attorneys under their respective fee agreements if they settled their cases while on appeal. Plaintiffs' motion for summary judgment seeks an order declaring that "(1) in the event of a recovery by trial the only compensation to be provided to defendants Waukeen McCoy and Kay Parker under their legal services agreements with plaintiffs was the exclusive

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1  right to pursue statutory fees, (2) neither defendant is entitled to [recovery under] quantum meruit,

2  and (3) the parties have fully discharged their obligations under the agreements and hence the

3  judgments awarded to plaintiffs which are pending on appeal now belong solely to plaintiffs and

4  may be settled without plaintiffs becoming liable to pay any portion of such a settlement to

5  defendants."  (Mot. at 1, 25.)

6       Plaintiffs' principal contention in this odd (and, we think frankly, bad faith) lawsuit is that

7  their fee agreements with Mr. McCoy do not contemplate any contingent fee in the event of a

8  recovery after a successful trial.  Instead, they argue, the fee agreements only provide for a

9  percentage of recovery in the event of "settlement," a term that they unilaterally redefine as

10 *excluding* any settlement reached after a trial, despite the fact that the agreements expressly refer

11 to settlements "after . . . trial."  They base that ridiculous theory on this language:

> 12 We have agreed to the following attorney fee arrangement: (a) 33
> 1/3% of any amounts received or recovered by way of settlement
> 13 prior to mediation and/or arbitration; (b) 40% of any amounts
> received or recovered by way of settlement after arbitration,
> 14 mediation, or trial.

15 (FAC, Exhs. 1-A & 2-A) (hereinafter, the "Fee Agreements").

## ARGUMENT

17 **I.     THE CLAIMS ARE NOT RIPE, AND THE RELIEF SOUGHT IS ADVISORY.**

18      As a threshold matter, this lawsuit does not present a ripe, justiciable case or controversy,[1]

19 and Plaintiffs are seeking an improper advisory opinion.[2]

---

[1] The test for ripeness is "whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941)).  "A claim is not ripe if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).  Because the claims asserted by Alvarado/Boswell (and the prior motion made by Ms. Parker) concern the legal effects of a future, hypothetical settlement, they do not present the immediate threat of litigation that would give rise to a ripe dispute.

[2] "[A] federal court lacks the power to render advisory opinions," *United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc*., 508 U.S. 439, 446 (1993), and the Declaratory Judgment Act, (footnote continued)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1     As we have pointed out in other briefing pending before the Court (see Dkt. No. 44), the

2   declaratory relief that Plaintiffs seek is nothing more than the Court's advice as to what they *would*

3   owe to Mr. McCoy *if* they settle their cases with FedEx.[3]  We are aware of no authority that would

4   justify a decree of this nature.  If FedEx pays any money to resolve the underlying actions, and if

5   Plaintiffs dispute the contingent fee, then FedEx will presumably interplead the funds.  Plaintiffs'

6   apparent misconception that they will be able to take the money and run is wholly at odds with the

7   normal manner of resolving fee disputes between attorneys and their clients.

8     There is no imminent settlement between Plaintiffs and FedEx, much less any agreement

9   on the amounts to be paid by FedEx to the Plaintiffs.  (Declaration of Mario A. Moya, Esq., Exh.

10  A (Alvarado Depo.) at 70:16-79:14, 80:25-81:24; Exh. B (Boswell Depo.) at 69:6-72:8.)[4]  Any

11  possible settlement is purely speculative.  This suit is premature.

## II.     SUMMARY JUDGMENT STANDARD

13    A party moving for summary judgment bears the initial burden of identifying those

14  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

15  issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  To withstand

16  summary judgment, Mr. McCoy need only show that there is a "genuine dispute" on a material

17  issue of fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Mr. McCoy need

18  not conclusively prove any facts in dispute; his only burden is to present evidence showing that

---

which provides the courts with "a discretionary procedural remedy," does not provide an independent jurisdictional basis for seeking an improper advisory opinion.  *Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d 884, 885-86 (9th Cir. 1972) (dismissing declaratory judgment action for lack of jurisdiction where patent-owner alleged that defendant's manufacturing plant in construction, once completed and operational, would allegedly infringe on patents because the lawsuit was an improper attempt to secure "an advisory opinion" on a theory of infringement that was "too remote and unduly speculative").  Plaintiffs do not hide their intentions; in her deposition Ms. Boswell stated that she filed this lawsuit merely because she "wanted . . . for Mr. McCoy's contract to be spelled out.  Because it was not clear to me.  It was not clear at all."  (Exh. B (Boswell Depo.) at 74:10-21.)

[3] *See* FAC ¶ 17(b) ("Plaintiffs seek a definitive declaration of their rights under the legal services agreements in order to determine in advance their liability for attorney fees *in the event* they enter into a settlement of their appeals.") (emphasis added).

[4] Unless otherwise stated, references to unspecified exhibits will refer to the Moya declaration.

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    reasonable persons could disagree on a material issue.  *Id.*

2      When determining whether a genuine issue of material fact remains for trial, the Court

3    must view the evidence and all inferences in the light most favorable to the non-moving party and

4    may not weigh the evidence or make credibility determinations.  *Hauk v. JP Morgan Chase Bank*

5    *USA*, 552 F.3d 1114, 1117-18 (9th Cir. 2009) (citing *Anderson*, 477 U.S. at 255).  "[A]t summary

6    judgment, '[c]redibility determinations, the weighing of the evidence, and the drawing of

7    legitimate inferences from the facts are jury functions, not those of a judge.'"  *Berry v. Baca*, 379

8    F.3d 764, 769 (9th Cir. 2004) (quoting *Anderson*, 477 U.S. at 255); *Baxter v. MCA, Inc.*, 812 F.2d

9    421, 424 (9th Cir. 1987) (citing same).

10   ### III. PLAINTIFFS HAVE FAILED TO MEET THEIR INITIAL BURDEN OF SHOWING THE ABSENCE OF A GENUINE ISSUE OF FACT FOR TRIAL.

11     Plaintiffs have submitted no evidence establishing the absence of a genuine issue of

12   material fact for trial.  "A moving party may not require the nonmoving party to produce evidence

13   supporting its claim or defense simply by saying that the nonmoving party has no such evidence."

14   *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105 (9th Cir. 2000)

15   (emphasis added).

16     The Alvarado and Boswell declarations never say that the Fee Agreements should be

17   construed to deny Mr. McCoy a 40 percent contingent fee.  They do not construe the text of the

18   Fee Agreements.  They do not explain how the terms of the Fee Agreements should be construed,

19   and they do not explain or suggest why the Fee Agreements should be read in a manner that denies

20   Mr. McCoy his contingency fee.  Their declarations in no way support their arguments that the

21   Fee Agreements must (or, indeed, could) be read to deny Mr. McCoy his contingent fee either

22   after a successful trial or upon a settlement "after . . . trial,"  Indeed, Plaintiffs do not even say in

23   their declarations that they themselves intended to deny Mr. McCoy his right to a contingent fee.

24     Plaintiffs' failed to produce evidence sufficient to demonstrate that they would be entitled

25   to judgments if their declarations (and even their pleadings) were uncontroverted at trial.  *See*

26   *Celotex*, 477 U.S. at 323.  Plaintiffs' motion rests entirely upon the unsupported *arguments* and of

27   their counsel, which do not constitute competent evidence under Rule 56 of the Federal Rules of

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Civil Procedure, and which does not overcome their prior assertions in the complaint that the Fee

Agreements are ambiguous. (*See* Am. Compl. ¶ 13; *infra* at Part V.A.1).  Plaintiffs have failed to

meet their initial burden of producing evidence that would establish that no reasonable trier of fact

could find other than for them.  *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.

2007).

## IV.   A SETTLEMENT ON APPEAL IS A SETTLEMENT AFTER TRIAL; IT ENTITLES MR. McCOY TO 40 PERCENT OF THE RECOVERY.

According to the Fee Agreements, Mr. McCoy is entitled to "40% of any amounts received

or recovered by way of settlement after . . . trial."  Despite this clear language, Plaintiffs ask the

Court to nullify this provision and declare instead that Mr. McCoy's right to his contingent fee was

"extinguished" when he prevailed at trial.  (Mot. at 24-25).

Plaintiffs' suggestion is entirely nonsensical.  It is directly contrary to the text of the Fee

Agreements.  On this point, the text cannot be any clearer.  Plaintiffs have offered no competent

evidence, and no coherent arguments, in support their demand that the contractual language

concerning settlements after trial should be disregarded.[5]

## V.   MR. McCOY IS ENTITLED TO HIS CONTINGENT FEE WHETHER OR NOT PLAINTIFFS ELECT TO "SETTLE" WITH FEDEX ON APPEAL.

### A.   <u>Plaintiffs' Reading of The Fee Agreements Cannot Be Summarily Adjudicated.</u>

Plaintiffs' reading of the Fee Agreements is so implausible that it cannot be the subject of a

summary judgment motion.  "When the meaning of an agreement is ambiguous on its face and

contrary inferences as to intent are possible, an issue of material fact exists for which summary

judgment ordinarily is inappropriate."  *Intern'l Brotherhood of Elec. Workers, AFL-CIO Local 47

v. So. Cal. Edison Co.*, 880 F.2d 104, 107 (9th Cir. 1989).  Plaintiffs' motion is premised entirely

---

[5] Plaintiffs' point to a filing by Ms. Parker arguing that her rights to statutory attorneys' fees became "fixed" when the Plaintiffs prevailed at trial.  But Ms. Parker offered nothing to shed light on the meaning of the Fee Agreements, nor could she.  Ms. Parker was not involved in the negotiation or execution of those agreements in 2002.  She is not competent to testify as to what the contract says, much less what it intended to say.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

on their argument that the Fee Agreements are "clear" and that they only contemplate a contingency fee for amounts recovered before a successful trial.  (Mot. at 5-10).  But their "unambiguous" reading of the argument makes no sense, and their own complaint alleges that the agreements *are* ambiguous with respect to the very issue presented in this motion.

### 1. The Amended Complaint Alleges That The Fee Agreements Are Ambiguous.

Paragraph 13 of the Amended Complaint alleges that their Fee Agreements "are susceptible" to *four* different interpretations:

13.  *Plaintiffs' legal services agreements with defendants are susceptible of several different interpretations*.  For example,

a)  the agreements could be interpreted as providing that (1) in the event a recovery was obtained by way of settlement defendants' compensation would be a specified percentage of such recovery but (2) in the event a recovery was obtained by way of judgment such compensation would consist solely of statutory fees awarded by the court.  This interpretation is consistent with the construction of the legal services agreements contained in the order of April 7, 2008 (Dkt. No. 1062).

b)  the agreements could be interpreted to provide that any statutory fees awarded by the court are considered to be a "recovery" under the agreements, and hence defendants are entitled to receive as compensation a specified percentage of all recoveries — including statutory attorney fees — whether obtained by way of settlement, judgment, or court order.

c)  the agreements could be interpreted as providing (1) that defendants are entitled to receive as compensation a specified percentage of any recovery, whether obtained by way of settlement or judgment, and (2) that defendants are also entitled to receive as compensation any statutory attorney fees awarded by the court, but only to the extent such statutory fees exceed the specified percentage of the recovery paid to defendants.

d)  the agreements could be interpreted to provide that defendants are entitled to receive as compensation (1) a specified percentage of any recovery, whether obtained by way of settlement or judgment, and (2) that defendants are also entitled to receive as compensation the full amount of any statutory attorney fees awarded by the court.

FAC ¶ 13 (emphasis added).

Of these competing interpretations, three of them (¶¶ 13(b)-(d)) affirm Mr. McCoy's right to 40 percent of any amounts recovered after a successful trial.  Plaintiffs now urge the Court to

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

1   rule, without their having proffered any evidence calculated to resolve the ambiguities they allege

2   in their own Complaint, that the Fee Agreements can only be read in the way that favors them.

3   That is absurd.  Plaintiffs are asking the Court to conclusively interpret contracts that they have

4   alleged are so ambiguous that they warrant this lawsuit in the first place.  And they insist that the

5   Court adopt a reading of the provision to which no sensible person would subscribe.  Indeed, they

6   are insisting that the Court adopt a reading to which Plaintiffs themselves do not subscribe, and

7   never have.

8          Admissions made in pleadings are admissible evidence that may be used in connection

9   with a motion for summary judgment.  *See Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir.

10  1980) (admission made in defendant's answer may be used for purposes of summary judgment).

11  Moreover, where an admission in the pleadings concerns an issue that is dispositive of the

12  summary judgment motion, the party offering the admission is not required to present any further

13  evidence in support of their position.  *Id.* (after admission in the pleadings, "no evidence on this

14  element was required").  Because Plaintiffs have admitted that the Fee Agreements are facially

15  ambiguous, the Court should deny their motion for summary judgment on this basis alone.  *So.*

16  *Cal. Edison*, 80 F.2d at 107 (reversing district court's entry of summary judgment that

17  conclusively interpreted a facially ambiguous contract); *Arizona Laborers, Teamsters & Cement*

18  *Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co.*, 753 F.2d 1512, 1515

19  (9th Cir. 1985).

20           **2.     The Special Master's Observation In A Proceeding Involving Parker's**
                      **Statutory Fee Does Not Bind Mr. McCoy In This Matter, Which**
21                    **Concerns His Contingent Fees.**

22         Plaintiffs invoke the Special Master's April 7, 2008 decision that found that Ms. Parker had

23  standing to petition for statutory fees.  (Mot. at 9-10 (citing Dkt. 1062)).  But that proceeding did

24  not concern Mr. McCoy, and it did not concern his rights to a contingent fee.  Mr. McCoy did not

25  appear in that proceeding on his own behalf, and his right to a contingent fee was not at issue.

26  That is understandable because that proceeding only concerned whether Ms. Parker had the right

27  to petition for statutory fees; it had nothing to do with Mr. McCoy's right to a contingent fee or

28  how that right was expressed in the Fee Agreements.

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    The Special Master found that Ms. Parker had standing to petition for statutory attorneys'

2   fees. In doing so, he made a passing comment about the Fee Agreements that was not central to

3   his core findings or his analysis. The relevant portion of his order rejected FedEx's assertion that

4   Ms. Parker was divested of any right to statutory fees because the Plaintiffs had assigned any

5   rights to such fees to Mr. McCoy under Addendum No. 2. To make that argument, FedEx argued

6   that the Fee Agreements originally intended for statutory fees to be subject to the 60/40 split

7   between the Plaintiffs and their attorneys "after . . . trial."[6]

8    The Special Master stated at the outset that the answer was "no" for several reasons. *See*

9   Dkt. 1062 at 11 ("The special master finds that the language in the 'Engagement for Legal

10  Services' cannot fairly be read as saying that counsel shall receive 40% of any statutory attorneys'

11  fees."). Those reasons included the parties' apparent intent with respect to Addendum No. 2, the

12  lack of an explicit waiver of statutory fees, and the ethical rules prohibiting fee-sharing between

13  attorneys and non-attorneys. *Id.* at 11-13. In explaining the reasons for rejecting FedEx's

14  argument, the Special Master commented in passing that the fee contracts, "on their face . . .

15  appear to address only what the attorneys will receive by way of settlement" and "do not

16  contemplate what would happen if there was no settlement and the matter was resolved solely by

17  trial." *Id.* at 11. But that statement was not central to the Special Master's conclusion, which

18  rested on several other independent findings.[7]

19   The Special Master did not adjudicate Mr. McCoy's right to a contingent fee after a

20  successful trial, nor could he have done so. Neither of the parties whose rights were being

21  adjudicated – Parker and FedEx – had any competence to opine on the meaning of the Fee

22  Agreements. They were not parties to those agreements when they were executed, and they have

23  ────────────────────

24  [6] FedEx made this argument, in part, because fees under 42 U.S.C. § 1988 belong to the client and not the attorney, while the opposite is true under California Gov't Code § 12965. At the time, it had not been determined which law would apply to this case.

25
26  [7] *See Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995) (finding that statements made in prior opinion were non-dispositive dicta because they were "not necessarily involved in the case or essential to its determination") (quoting Black's Law Dictionary, 454 (6th ed. 1990)).

27

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

no knowledge of the contracting parties' intent.  Plaintiffs concede the point.  *See* Mot. at 10

("Because Mr. Swanson was concerned only with whether the *language* of the contracts provided

for apportionment of statutory fees to the clients, once he determined it did not he had no reason to

carry the analysis any further.") (emphasis added).

### B.   The Fee Agreements Give Mr. McCoy a 40 Percent Contingency Fee After Trial.

The Fee Agreements entitle Mr. McCoy to a contingent fee for a trial victory.  That was

the parties' intent in executing the Fee Agreements.  But even if the text is ambiguous on that

issue, the matter is not susceptible to summary adjudication in Plaintiffs' favor.

"'[W]here a contract's meaning is not clear on its face, its interpretation depends upon the

parties' intent at the time it was executed, which is an issue for the trier of fact.'"  *Arizona*

*Laborers*, 753 F.2d at 1515 (quoting *Laborers Health & Welfare Trust Fund v. Kaufman & Broad*,

707 F.2d 412, 418 (9th Cir. 1983)).  When determining the intent of the parties, "the trier of fact

may look to the circumstances surrounding the contract's execution, including the preceding

negotiations" and "[i]t may also consider the parties' conduct subsequent to contract formation ...

and such conduct is to be given great weight."  *Id*. at 1517-18 (quoting *Laborers Health & Welfare*

*Trust Fund*, 707 F.2d at 418).

#### 1.   The Parties Intended for Mr. McCoy To Receive A Contingent Fee From Any Recovery.

Plaintiffs now contend that the Fee Agreements do not apply to amounts recovered by way

of judgment after a successful trial because the parties intended for Mr. McCoy to be compensated

in that scenario exclusively through a petition for statutory attorneys' fees.  (Mot. at 5-10.)  But the

parties' express intentions, together with the circumstances surrounding the negotiation and

execution of the Fee Agreements, are at direct variance with that after-the-fact, self-serving

interpretation.[8]

---

[8] As noted above, this reading of the agreement makes no sense.  There is no reliable distinction
between money recovered by way of judgment after a trial and money recovered by way of a
"settlement" after trial.  Plaintiffs' theory would allow them to pocket Mr. McCoy's 40 percent of
the recovery simply by "settling" with FedEx for a dollar less than the judgment.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    Plaintiffs argue that when they entered into the Fee Agreements, it was their intent that

2   Mr. McCoy be compensated solely through a statutory fee petition if he prevailed at trial.  But

3   they offer no evidence of that intent.  And there is none because their intent was the opposite of

4   what they say.  Plaintiffs' own declarations state that they never even knew about statutory

5   attorneys' fees until *after* they prevailed at trial.  (Alvarado Decl. ¶ 8; Boswell Decl. ¶ 8.)  Mr.

6   Alvarado testified that he did not know of the existence of a right to statutory attorneys' fees until

7   2007, five years after he entered into his Fee Agreement;   Ms. Boswell testimony was identical.

8   (Exh. A (Alvarado Depo.) at 26:18-27:19.)  Even now, Plaintiffs' understanding of statutory fees is

9   wrong.  At their depositions, they acknowledged that they did not know that Mr. McCoy was

10   barred to from sharing fees with a non-lawyer.  (Exh. A (Alvarado Depo.) at 93:7-96:15; Exh. B

11   (Boswell Depo.) at 124:14-125:25.)  Nevertheless, Mr. Alvarado maintains that he should get

12   60 percent of any statutory fee award.  (Exh. A (Alvarado Depo.) at 97:5-98:16.)

13    Mr. McCoy undertook to represent the Plaintiffs on a contingent basis.  Plaintiffs had no

14   intention of paying Mr. McCoy on an hourly basis.  (Exh. A (Alvarado Depo.) at 19:23-21:24;

15   Exh. B Boswell Depo.) at 25:19-28:6; 29:5-17.)[9]  Plaintiffs agreed that they would pay him a

16   percentage of any eventual recovery, and both understood that to be the bargain they had struck

17   with Mr. McCoy.[10]  (*Id.*)  At no time – until now – did Plaintiffs ever suggest to Mr. McCoy that

18   his right to recover his contingent fee depended on the case being resolved by way of settlement

---

[9] Plaintiffs acknowledge that they could not have paid Mr. McCoy on an hourly basis to prosecute
their cases.  They acknowledge that they did not ask Mr. McCoy to represent them for free, nor
were they under the impression that he was litigating their cases for free.  (*Id.*)

[10] Contractual ambiguities should be "resolved by interpreting the ambiguous provisions in the
sense the promisor . . . believed the promisee understood them at the time of formation."  *AIU Ins.
Co. v. Superior Court*, 51 Cal.3d 807, 821-22 (1990) (citing Cal. Civ. Code § 1649.)   Here,
because Plaintiffs – the ones who promised to pay Mr. McCoy for his services – knew that Mr.
McCoy was performing under the impression that he would be paid a contingent fee from his
recovery, the Fee Agreements should be construed to honor Mr. McCoy's original expectations.
Additionally, there is no basis for invoking the canon that ambiguities be construed against the
drafter as Plaintiffs' suggest because as *AIU Ins. Co.* makes clear, that canon can only be invoked
if other efforts at interpretation have failed.  *Id.* (citing Civil Code § 1654, which, expressly, states
that the canon only applies "[i]n cases of uncertainty not removed by the preceding rules [of
construction].").

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP

ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

1  rather than trial.  We doubt that any attorney in history has ever entered into the kind of fee

2  agreement that these Plaintiffs, with the encouragement of their present counsel, are fantasizing.[11]

3        Plaintiffs claim that they did not know about statutory attorneys' fees until after their trials.

4  (Alvarado Decl. ¶ 8; Boswell Decl. ¶ 8; Exh. A (Alvarado Depo.) at 26:18-27:19; Exh. B (Boswell

5  Depo.) at 49:18-20.)  Assuming the truth of that testimony, the possibility of statutory attorneys'

6  fees could have had no relevance in determining what they intended when they signed the Fee

7  Agreements.  *See Kassbaum v. Steppenwolf Prods., Inc.* 236 F.3d 487, 491 (9th Cir. 2000)

8  (finding that the scope of a contractual term "extends only to those things concerning which it

9  appears that the parties intended to contract") (quoting Cal. Civ. Code § 1648)).

10        **2.    Before This Dispute Arose, Plaintiffs Acknowledged That The Fee Agreements Entitled Mr. McCoy To 40 Percent Of Any Recovery**
11  **             Obtained At Trial.**

12        The Plaintiffs' conduct after they signed the Fee Agreements confirms that Mr. McCoy is

13  entitled to a 40 percent contingent fee from any amounts recovered after trial.  After winning at

14  trial, the Plaintiffs acknowledged that Mr. McCoy was entitled to his contingent fee.  (McCoy

15  Decl. ¶¶ 15, 17-21.)  In their depositions, Plaintiffs admit that they believed that Mr. McCoy was

16  entitled to a 40 percent share of the judgment under the Fee Agreements. (*See* Exh. A (Alvarado

17  Depo.) at 89:22-92:11; Exh. B (Boswell Depo.) at 34:1-9, 42:12-24, 90:7-91:6, 112:16-114:21,

18  186:2-16, 189:16-190:8; McCoy Decl. ¶¶ 15, 17-21, Exhs. A-D.)  After trial, but before this

19  dispute arose, Mr. Alvarado sent several emails to Mr. McCoy in which he affirmed that he owed

20  Mr. McCoy a 40 percent contingency fee on the judgment.  (Exh. A (Alvarado Depo.) at 89:22-

21  92:11, 97:6-98:16; McCoy Decl., ¶¶ 19, 21, Exhs. B, C.)  Ms. Boswell did so as well.  (Exh. B

22  (Boswell Depo.) at 90:5-91:6; McCoy Decl., ¶¶ 18, 21, Exhs. A, D). [12]

23  _____

24  [11] It is obvious that Plaintiffs did not come up with this theory on their own, and it is equally obvious that they do not even believe it.  The implication of their bad faith, and that of their
25  counsel, will be the subject of future proceedings.

26  [12] Ms. Boswell even testified at her deposition that, unlike other attorneys she had dealt with, Mr. McCoy's fee agreement was "very simple," and "[t]hat was what led her and other clients to
27  Mr. McCoy."  (Exh. B (Boswell Depo.) at 30:18-31:7.)  She also testified that Mr. McCoy diligently consulted with his clients and spoke to them in detail about the terms of the Fee
28  (footnote continued)

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

1     Plaintiffs' entire argument concerning their *right to share in* statutory fees is recently

2  concocted.  At no time (prior to the appearance on the scene of Messrs. Clausen and Murphy) did

3  either Plaintiff claim an ownership interest in any statutory attorneys' fees.  (McCoy Decl. ¶¶

4  21-22, Exh. D.)[13]  Indeed, Ms. Boswell acknowledged at her deposition that she had previously

5  understood that any statutory fee belonged entirely for Mr. McCoy[14] until she was apparently

6  advised by her attorneys to change her testimony.  (Exh. B (Boswell Depo.) at 112:18-114:21,

7  115:14-118:10.)

8     The interpretation that Plaintiffs are now advancing is not what they believed when they

9  entered into the Fee Agreements, while their cases were being litigated, or after they won at trial.

10  Plaintiffs believed that Mr. McCoy would be entitled to 40 percent share of the judgment, and they

11  had no understanding that Mr. McCoy's sole right to compensation was an application for statutory

12  attorneys' fees.  "Under California law, a court may consider the subsequent acts and conduct of

13  the parties in the execution of the contract in order to determine the intent of those parties.  *U.S.*

14  *Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 937 (9th Cir. 2002)  (citing Cal. Code Civ.

15  Proc. § 1856(c)).  Furthermore, "[t]he construction given the contract by the acts and conduct of

16  the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is

17  entitled to great weight and will, when reasonable, be adopted and enforced by the court."  *Id*.

18  (quoting *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal.3d 285, 296-97 (1970)).   This

19  overwhelming evidence to the contrary precludes an award of summary judgment.

20         **3.     Mr. McCoy Is Entitled To Receive Both a Contingent Fee And
                    Statutory Fees.**

21     Plaintiffs argue that the law in existence at the time of the contract compels the conclusion

22

23  Agreement.  (*Id*. at 31:6-7) (noting that Mr. McCoy discussed the terms of the Fee Agreement in
    great detail.)

24  [13] Surprisingly, Plaintiffs' motion makes no reference to the Special Master's finding that it would
25  violate the California Rules of Professional Conduct concerning fee splitting for any attorney
    (including McCoy and parker) to agree to share a portion of any statutory fees with Plaintiffs who
26  are not attorneys.  (*See* Dkt. 1062 at 12) (citing *Flannery v. Prentice*, 26 Cal.4th 572, 586 (2001).

27  [14] (Exh. B (Boswell Depo.) at 74:10-24) (stating that "from what Waukeen had told us, I mean he
    gets all the [statutory] fees. 40 percent and expenses"; *see also Id*., at 90:5-91:6, 124:7-125:25).

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1   that the only way Mr. McCoy would be paid after winning at trial was through a petition for

2   statutory attorneys' fees.  (Mot. at 7-8).  They argue as well that, because the Fee Agreements were

3   silent on the issue of statutory fees, the parties necessarily intended that, if he won at trial, Mr.

4   McCoy would only be compensated through a statutory fee petition.  These arguments are absurd.

5   If the parties wanted to make a statutory fee petition the exclusive means for payment, then they

6   would have said so in the contract.

7       Plaintiffs' argument is based on a false premise – that a plaintiffs' attorney cannot recover

8   both a contingent fee and a statutory fee.  In an employment discrimination lawsuit, a plaintiff's

9   attorney may recover *both* (i) his or her prescribed contingent fee from the recovery at trial, and

10  (ii) any statutory fee award to be paid by the Defendant.  *See Venegas v. Skaggs,* 867 F.2d 527,

11  532 (9th Cir. 1989); *Hamner v. Rios*, 769 F.2d 1404, 1409 (9th Cir. 1985).

12      In *Venegas v. Skaggs*, the Ninth Circuit rejected the notion that it was improper for a

13  plaintiff's attorney to collect both a contingency fee and a statutory fee award.  To the contrary, the

14  Court held that limiting a successful plaintiff's attorney to only the statutory fee would undermine

15  the policy in favor of vigorous enforcement of the civil rights laws:

16          We conclude that a rule limiting an attorney's fees under a contingent agreement to
            the statutory award would be inconsistent with Congress' goal of promoting respect
17          for civil rights by enhancing  the arsenal available to Plaintiffs in civil rights
            cases. . . .  [¶]  'To hold that the statutory award is the maximum amount of fees
18          available to counsel, notwithstanding a contingent fee arrangement providing for a
            higher fee, overlooks the basic nature and purpose of contingent fee agreements.
19          *Contingent fee agreements enable plaintiffs with meritorious claims but limited
            finances to obtain counsel, and they are set to account for the risk of nonrecovery.*
20          If attorneys begin to view statutory fees in civil rights cases as inadequate, use of
            the statutory award as a ceiling on fees could lead to a reluctance to represent civil
21          rights plaintiffs, thus frustrating the intent of Congress.'

22  *Venegas*, 867 F.2d at 532-33 (quoting *Hamner*, 769 F.2d at 1409) (emphasis in original).

23      The Supreme Court affirmed the Ninth Circuit's ruling in *Venegas v. Mitchell*, 492 U.S. 82

24  (1990), and rejected the notion that an award of statutory fees sets an upper bound on attorneys'

25  fees under a contingency fee arrangement:

26          We have never held that § 1988 constrains the freedom of the civil rights plaintiff
            to become contractually and personally bound to pay an attorney a percentage of
27          the recovery, if any, even though such a fee is larger than the statutory fee that the
            defendant must pay to the plaintiff. . . . What a plaintiff may be bound to pay and
28          what an attorney is free to collect under a fee agreement are not necessarily

COBLENTZ, PATCH, DUFFY & BASS LLP

ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800  ·  FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order.  Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.

*Mitchell*, 492 U.S. at 87, 89.  Nothing in *Hamner, Venegas or Mitchell* supports Plaintiffs' claim that "by operation of law [the fee provision] provides for a fee limited to an award of statutory fees."  (Mot. at 14).[15]

Plaintiffs' argument that it would have been improper for Mr. McCoy to seek both forms of recovery is wholly unfounded.  Statutory attorneys' fees under Government Code § 12965 presumptively belong to the attorney who earned them.  Like fees awarded under the federal civil rights statute at issue in *Venegas*, these statutory fees are paid directly by the defendant to the successful attorney.  They do not diminish or impair the plaintiffs' ultimate recovery.[16]

Plaintiffs' argument does not make sense for the additional reason that it is impractical and unrealistic.  Under Plaintiffs' construction, Mr. McCoy would be relegated exclusively to a discretionary award of statutory attorneys fees for his success at trial, no matter how large the verdict.[17]   This reading would create perverse incentives to settle (or to refuse to settle) cases before trial if the attorneys' contingent fee would exceed his lodestar.

### 4.     Plaintiffs' Reading Of The Fee Agreements Leads To An Absurd Result.

Plaintiffs' construction of the Fee Agreements would lead to absurd results.  Plaintiffs are asking the Court to construe the Fee Agreements in a manner that would allow them — after

---

[15] While these cases concerned statutory attorneys' fees awarded under the federal civil rights statutes, there is no reason to believe that the rule would be different for fees awarded under Government Code section 12965.

[16] In this regard – unlike attorney's fees earned under the federal fee statute (42 U.S.C. § 1988), which belong to the party as opposed to the attorney – for statutory fees under FEHA, it is *not* "the party's right to waive, settle or negotiate their eligibility for such fees."  *Compare Mitchell*, 492 U.S. at 88 (citing *Evans v. Jeff D.*, 475 U.S. 717, 730-31 (1986)).

[17] Because of the prospect of winning extremely large awards of damages at trial (and the foreseeable costs of litigating the FedEx dispute on behalf of many plaintiffs), Mr. McCoy never intended to limit his potential recovery to only an award of statutory fees when he drafted and executed the Fee Agreements.  (McCoy Decl. ¶ 12).

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

1   having prevailed at trial — to unilaterally extinguish Mr. McCoy's interest in his contingent fee.

2   The declaratory relief Plaintiffs seek is extraordinary, and the Court can readily envision all the

3   permutations of mischief that would follow if Plaintiffs were allowed to discharge their fee

4   obligations by settling with FedEx, a decision that is wholly within their control.  After having

5   been awarded substantial jury verdicts though Mr. McCoy's efforts, Plaintiffs want the power to

6   extinguish Mr. McCoy's contingency fee by asking FedEx for payment in satisfaction of their

7   "judgment," rather than by way of settlement.

8        "'[W]here a contract is susceptible of two interpretations, the courts shall give it such a

9   construction as will make it lawful, operative, definite, reasonable and capable of being carried

10  into effect if it can be done without violating the intention of the parties ... [T]he court shall avoid

11  an interpretation which will make a contract extraordinary, harsh, unjust, inequitable or which

12  would result in absurdity.'"  *County of Humboldt v. McKee*, 165 Cal.App.4th 1476, 1498 (2008).

13  Because the Plaintiffs' construction invites an absurd result and forfeiture, the Court should reject

14  Plaintiffs' interpretation of the Fee Agreements and refrain from summarily adjudicating this

15  disputed issue.

16              **5.      Ms. Parker's Interpretations Of The Fee Agreements Are Irrelevant;
                          She Had Nothing to Do With Plaintiffs Or This Case When The Fee**
17  **Agreements Were Executed in 2002.**

18       In support of their construction, Plaintiffs refer to several statements made by Kay Parker

19  concerning *her* alleged interpretation of the contractual language.  (*See* Mot. at 6, 14-15 (citing

20  Parker's Answer), 18-19 (citing Parker's Fee Application).)  But what Ms. Parker thinks the Fee

21  Agreements mean is irrelevant.  Ms. Parker is not competent to express an opinion in the meaning

22  of a document that she did not draft and did not sign.

23       Ms. Parker was not a party to the original Fee Agreements; she did not draft the Fee

24  Agreements; she had no connection to the Plaintiffs or Mr. McCoy when the Fee Agreements

25  were signed in 2002; and she has no percipient knowledge of how the Plaintiffs or Mr. McCoy

26  understood the Fee Agreements at any point in time.  (Exh. A (Alvarado Depo.) at 16:23-18:12; ;

27  Exh. B (Boswell Depo.) at 21:18-22:8.)  Ms. Parker's personal interpretation of the Free

28  Agreements is not evidence and is <u>not</u> entitled to any weight, as she is not competent to testify as

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

13676.002.1392729v10                                          15                    Case No. C 04-0098-SI; 04-0099-SI

to the parties' intent.

## VI.    THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF QUANTUM MERUIT.

Plaintiffs are not entitled to summary judgment on the issue of *quantum meruit*.  There is no mention of quantum meruit in the Amended Complaint, and the issue is entirely beyond the pleadings.   Plaintiffs nevertheless argue that Mr. McCoy is not entitled to a *quantum meruit* recovery because he has received the "benefit of his bargain" under the Fee Agreements.  Of course, it is precisely the benefit of the bargain that they are cynically attempting to take away from Mr. McCoy.

### A.    Plaintiffs' *Quantum Meruit* Argument Is Based Upon The Same Faulty Interpretation Of The Fee Agreements.

Plaintiffs contend that Mr. McCoy cannot recover in *quantum meruit* because he already received the benefit of his bargain under the Fee Agreements.  But Plaintiffs' entire argument depends upon the Court's adopting their nonsensical construction of the Fee Agreements.

Genuine issues of material fact – not to mention logic and common sense – preclude summary judgment in Plaintiffs' favor regarding the interpretation of the Fee Agreements.  A reasonable fact-finder could certainly find that the Fee Agreements encompassed amounts awarded at trial through judgment, and there is no basis for a summary judgment rejecting Mr. McCoy's *quantum meruit* recovery based upon the Plaintiffs' erroneous reading of the Fee Agreements.

### B.    Mr. McCoy Is Entitled To Recover the Reasonable Value of His Services If The Fee Agreements Are Found Not To Apply To Amounts Received At Trial.

Plaintiffs always intended to compensate Mr. McCoy with a portion of their recovery.  If the Fee Agreements are found to be deficient or unenforceable, then Mr. McCoy is entitled to recover the reasonable value of his services.  *See Huskinson & Brown v. Wolf*, 32 Cal.4th 453, 464 (2004).

Plaintiffs concede that Mr. McCoy is presumptively entitled to recover the reasonable value of his services, but contend that this presumption is overcome by other circumstances that

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1   raise the counter-presumption that the services were not intended to be a charge against his clients.

2   Plaintiffs purport to find the basis for such a counter-presumption in the following "evidence":

3   (i) the Fee Agreements (in their view) only provided for a contingency fee in the event of

4   "settlement"; (ii) the Fee Agreements only contemplated a petition for discretionary statutory fees

5   for victories at trial; and (iii) Ms. Parker, in seeking a 2.0 multiplier for statutory fee, noted the

6   possibility in her filing that she would not recover anything in this matter (Mot. at 14-19).

7          These arguments are frivolous.  With respect to items (i) and (ii), the Plaintiffs' entire

8   argument assumes – contrary to the sense of the agreements, the context in which they were

9   executed, and the parties' actual understanding — that the Fee Agreement entitled Mr. McCoy to

10  his contingent fee only if the case settled, not if it were tried (or tried and *then* settled).  Anything

11  that Ms. Parker may have said with respect to her statutory fee petition (item (iii)), is entirely

12  irrelevant.  That aside, what Ms. Parker actually said in her fee petition was an innocuous

13  observation that there is no guarantee of recovery in an employment discrimination lawsuit, and

14  that civil rights attorneys like Mr. McCoy must litigate these suits on a contingency basis under an

15  extreme risk of non-recovery.  Ms. Parker's request for a multiplier reflected that reality; it was not

16  intended to be a statement concerning the intended scope of the Fee Agreements.

17              ### C.   <u>No Public Policy Would Be Violated By A Quantum Meruit Award.</u>

18         The fact that Mr. McCoy was sanctioned by the Court for his conduct in connection with

19  his fee petitions has no bearing on his contractual right to his 40 percent contingent fee.  Plaintiffs'

20  arguments on that point are without merit.  They offer no authority for the proposition that section

21  1668 of the California Civil Code would apply in this case.  Section 1668 prohibits

22  indemnification for fraudulent and willful acts.  Mr. McCoy is not seeking indemnification for any

23  wrongful act.  He is seeking to be compensated in accordance with the terms of the Fee

24  Agreements.

25         The California Supreme Court in *Huskinson & Brown* had found a fee agreement to be

26  unenforceable under the Rules of Professional Conduct, but ruled that the attorney who labored

27  under such a contract was nevertheless entitled to receive compensation for the reasonable value

28  of his services.  *Huskinson & Brown*, 32 Cal. 4th at 460-61.  Plaintiffs have cited no authority for

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA  94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1 the proposition that Mr. McCoy's contractual interest in his contingent fees is subject to forfeiture

2 because of any conduct concerning his separate application for statutory fees.

3       Allowing Mr. McCoy to recover in *quantum meruit* would not constitute enforcement of

4 an illegal contract. *Thompson v. Call*, 38 Cal.3d 633 (1985); *Owens v. Haslett*, 98 Cal.App.2d 829

5 (1950); and *Tiedje v. Aluminum Taper Milling Co.*, 46 Cal.2d 450 (1956), all concern *quantum*

6 *meruit* claims brought by parties who had performed under agreements that were illegal or

7 contrary to public policy at inception. An attorney-client representation agreement is not per se

8 illegal or void for illegality. Unlike the self-dealing city-councilman in *Thompson*, the unlicensed

9 building contractor in *Owens*, and the non-law abiding shareholder in *Tiedje*, Mr. McCoy properly

10 and lawfully performed his legal services for Plaintiffs.

11 **CONCLUSION**

12       Plaintiffs' motion for summary judgment should be denied.

13

14 DATED: April 16, 2010         Respectfully submitted,

15                 COBLENTZ, PATCH, DUFFY & BASS LLP

16

17                 By:   */s/ Jonathan R. Bass*

18                     JONATHAN R. BASS
                    Attorneys for Defendant

19                     WAUKEEN Q. McCOY

20

21

22

23

24

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

<u>ATTESTATION PER GENERAL ORDER 45, § X.B</u>

I hereby attest that my colleague, Jonathan R. Bass, consents to the filing of this document, and that I have on file all signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.


DATED:  April 16, 2010                    COBLENTZ, PATCH, DUFFY & BASS LLP


                                          By:   <u>/s/ Mario A. Moya</u>
                                                MARIO A. MOYA
                                                Attorneys for Defendant
                                                WAUKEEN Q. McCOY